UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:18-CR-57-REW-HAI-14 |
| v. | ) | |
| | ) | |
| DAVID LOWE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The competency proceedings relative to Defendant David Lowe have ripened for final decision. Judge Ingram has, with great care and dutiful regard for completeness and process, overseen the course of 18 U.S.C. § 4241(a) litigation in the case. The full history, reasons for delay, roster of proof and examiners, and bases for decision appear in DE 769, Judge Ingram's chronicle and recommendation. Both sides had until March 4, 2022 to object; neither did.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

With no objection, the Court **ADOPTS** DE 769. Even without objection, the Court has evaluated the entire record, to include the four reports, the hearing history, the transcripts, and Judge Ingram's comprehensive analysis. Given the lack of exception, the Court has no complaint or criticism to address. However, on its own, the Court has reviewed the full matter and agrees with Judge Ingram, who thoughtfully weighed the competing proof, made decisions about persuasiveness, credibility, and expertise, and quite properly chose to rely on the credentials, product, and processes of the BOP Butner evaluators over the competing proof from Drs. Wygant and Akan. As is always the case in a contested evidentiary hearing, the evaluator of proof must make choices from a disputed and contradictory record. Magistrate Judge Ingram had rational, record-based, and legally compliant reasons for his proof-sifting and the conclusions that followed. He accounted for all pertinent matters, including the confirmatory anecdotal conduct of Lowe himself at the last of the competency hearings. The Court cannot improve Judge Ingram's work here in any way.

As such, the Court **ADOPTS** DE 769 in full and finds Lowe competent to face further proceedings. Judge Ingram should promptly arraign him on the Second Superseding Indictment (DE 228) and assign the matter for trial. The arraignment should involve discussion of the continuing need or desire for a criminal responsibility assessment, particularly given the age and course of the case. If that step is needed, the machinations required should commence posthaste to avoid delay in advance of the long-awaited trial.

This the 10th day of March, 2022.



Signed By:
*Robert E. Wier*
**United States District Judge**